## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEONARD SPRINGER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   **Case No. CIV 05-480-RAW-KEW** |
| | ) |
| **HASKELL HIGGINS, Warden,** | ) |
| | ) |
| Respondent. | ) |

## <u>REPORT AND RECOMMENDATION</u>

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the calculation of his *Ekstrand* earned credits. He alleges he did not receive the correct number of credits in 1983 and 1984.

The record shows that on September 14, 2005, petitioner submitted a Request to Staff concerning this issue. The response stated that petitioner had received all the earned credits to which he was entitled. On October 21, 2005, the Director's Designee affirmed that determination.

The respondent alleges this petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- . . .

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  . . .

28 U.S.C. § 2244(d)(1)(D).  The one-year limitation period also applies to § 2241 habeas corpus actions.  *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Initially, the decision in *Ekstrand v. State*, 791 P.2d 92, 95 (Okla. Crim. App. 1990), *overruled on other grounds by Waldon v. Evans*, 861 P.2d 311 (Okla. Crim. App. 1993), concerned earned credits that inmates could accumulate effective November 1, 1988. Petitioner is complaining about his earned credits prior to this decision. He only is "entitled to the credits allotted under the statute effective on the date [his] crime was committed." *Id.*; *See also State ex rel. Maynard v. Page*, 798 P.2d 628, 629 (Okla. Crim. App. 1990). His 1980 conviction clearly predates the *Ekstrand* decision.

The respondent alleges in his response to the petition that this action is barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d); *see also Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that the one-year limitations period also applies to § 2241 habeas corpus actions). The relevant statutory measuring event for the limitation period in this case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Oklahoma requires that inmates receive a monthly accounting of sentence credits, Okla. Stat. tit. 57, § 138(I)(2), and petitioner does not claim he has not received his monthly accountings throughout his incarceration. Consequently, he must have been aware of how the DOC was calculating his credits well before April 24, 1996, the effective date of § 2244(d)'s one-year limitation. This habeas corpus petition, therefore, should have filed by April 24, 1997. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (one-year limitation ends on April 24, 1997, for those convicted prior to the enactment of § 2244(d)).

Petitioner argues he repeatedly was advised by DOC officials that he had to wait to raise this claim until he was approximately 120 days from discharging his sentence. He further asserts he had no knowledge of the AEDPA's one-year filing deadline. While the

limitation period may be tolled for extraordinary circumstances over which a petitioner had no control, the court finds petitioner's circumstances do not warrant tolling, and he has not demonstrated due diligence in pursuing his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). "[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted), *cert. denied*, 531 U.S. 1194 (2001). The court, therefore, finds that equitable tolling is not warranted.

ACCORDINGLY, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED this 6th day of December 2007.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**